IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | | |
|---|---|---|
| WILLIAM PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| ACKLEY INVESTMENTS, II, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

COMES NOW the Plaintiff, WILLIAM PEREZ ("PLAINTIFF"), and files this Complaint against DEFENDANT, ACKLEY INVESTMENTS, II, INC. ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney's fees, costs of litigation and other relief from DEFENDANT for violation of the Fair Labor Standards Act ("FLSA") and breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation that operated a mobile home park in Homosassa, Florida and PLAINTIFF worked for DEFENDANT in Citrus County, Florida.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5.     At all relevant times, DEFENDANT acted through its officers, agents, servants, and employees.

6.     Upon information and belief, at all relevant times, DEFENDANT had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce.

7.     At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8.     Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

9.     At all relevant times, DEFENDANT was an employer within the meaning of the FLSA.

10.    Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

11.    In or around December 2020, DEFENDANT hired PLAINTIFF to work as a bartender at a rate of $10 per hour.  Shortly after starting, DEFENDANT asked PLAINTIFF to perform security services for DEFENDANT in addition to his bartending job.

12.    The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay overtime when a nonexempt employee such as PLAINTIFF works more than 40 hours in a week.

13.    PLAINTIFF worked as many as 90 hours per week for DEFENDANT but was never paid time and one-half.  Despite working overtime, PLAINTIFF was only paid a straight time rate of $10 per hour no matter how many hours he worked.

14.    In addition to the overtime violation described above, DEFENDANT failed to pay PLAINTIFF even straight time for all the hours he worked.  In that regard, PLAINTIFF was shorted at least 20 hours of work per week throughout his employment (which is in addition to 20 hours per week that were deducted from PLAINTIFF'S pay for rent).

15.    Upon information and belief, DEFENDANT has willingly, deliberately and intentionally refused to pay PLAINTIFF for the time he worked and to pay him overtime when he worked more than 40 hours in a week.

16.    PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANT, who willingly and knowingly withheld those wages.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

17.    The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

18.    DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

19.    At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and is subject to the provisions of the Act.

20.    PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work for which he did not receive appropriate compensation.

21.    During his employment with DEFENDANT, PLAINTIFF performed work for which he was not properly compensated in violation of the overtime and minimum wage

provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

22.     Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

23.     DEFENDANT'S failure to compensate PLAINTIFF properly for his time worked violates the provisions of the FLSA and the regulations thereunder.

24.     DEFENDANT'S failure to compensate PLAINTIFF for all the time he worked was a willful and knowing violation of the FLSA.

25.     As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

26.     Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF compensation at a rate of minimum wage for every hour he worked for which she was not paid at least minimum wage, overtime pay for each overtime hour PLAINTIFF worked for which he did not receive compensation and an additional equal amount as liquidated damages, plus attorney's fees and costs of litigation.

27.     All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney's fees, costs of litigation and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

28.    The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

29.    PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be paid $10 per hour for each hour he worked for DEFENDANT.

30.    PLAINTIFF performed as agreed pursuant to his agreement with DEFENDANT, but DEFENDANT breached the agreement by not paying PLAINTIFF for all the hours he worked.   More specifically, DEFENDANT breached its agreement by not paying PLAINTIFF for at least 20 hours per week throughout his employment.

31.    As a result of DEFENDANT'S failure to pay PLAINTIFF properly, he has suffered delay in receipt of her wages and has been required to retain an attorney to help get his pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S breach of contract;

for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

Dated:  October 26, 2022

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

<u>**/s/ Matthew W. Birk**</u>
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF